**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CODE 9 OFFICER NEEDS ASSISTANCE, LLC,**
a New Jersey Entity,
Plaintiff,

v.                                                    CASE NO.:_____

**CODE 9 PROJECT, INC.,**
a Florida Not-For-Profit Corporation,          JURY TRIAL DEMANDED
**BRANDILEE BAKER**, an individual,              INJUNCTIVE RELIEF REQUESTED
**CHRIS FLADGATE**, an individual,

Defendants.

_____

**COMPLAINT**

Plaintiff Code 9 Officer Needs Assistance, LLC ("Code 9") sues Code 9 Project, Inc. ("The Project"), Brandilee Baker ("Baker") and Chris Fladgate ("Fladgate") for copyright infringement.  In support of this Complaint, Code 9 states:

**NATURE OF THE ACTION**

1.      This is an action for copyright infringement pursuant to 17 U.S.C. § 101, *et seq*.

2.      Plaintiff Code 9 Officer Needs Assistance, LLC ("Code 9") is a New Jersey entity with its principal place of business in New Jersey.

3.      Defendant Code 9 Project, Inc. ("The Project") is a Florida entity that until recently had its principal place of business in Pasco and Hernando Counties and currently has a registered agent in St. Petersburg, Florida.

4.      Defendant Brandilee Baker is an individual residing in New York, New York. Ms. Baker is a board member and officer of The Project and has availed herself of Florida as

a jurisdiction by serving on the board of the Project and by committing tortious acts directed toward this state.

5.      Defendant Chris Fladgate is an individual residing in New York, New York. Mr. Fladgate is a board member and officer of the Project and has availed himself of Florida as a jurisdiction by serving on the board of the Project and by committing tortious acts directed toward this state.

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS RELEVANT TO ALL COUNTS

8.      In 2011, Deborah Ortiz ("Ortiz") wrote the initial script for a movie to be titled *Code 9- Officer Needs Assistance* ("the Movie"). Ortiz envisioned a documentary to highlight the dangers of post-traumatic stress faced by law enforcement officers.

9.      With a co-producer, Ortiz formed a production company and began production of the movie, with the ultimate goal of using the movie as a vehicle to promote public awareness of mental health issues for first responders.  The Movie is owned, distributed and licensed by Plaintiff Code 9.  The production of the movie was partially funded by a Kickstarter crowdfunding campaign entitled The Code 9 Project.

10.      Plaintiff Code 9 has registered the copyright in the movie, which has been assigned registration number PA 2-224-553.

11.      Pursuant to a written agreement, a third-party production company created an image for use in promoting the movie ("Movie Badge") on Code 9's behalf:



12.     By written agreement, Code 9 owns the copyright in the Movie Badge.

13.     Through Code 9's written agreement with the third-party production company,

Code 9 commissioned the creation of a second image to promote the broader Code 9 Project

("the Project Badge"):



14. Soon thereafter, Oritz founded Defendant, Code 9 Project, Inc., a Florida non-profit Corporation, to further the mission of promoting public awareness of the mental health of first responders. Ortiz served as the incorporator of the Project and as its initial registered agent.

15. Prior to filing the incorporation documents, Ortiz asked Defendant Brandilee Baker to serve as one of the original members of the board of the Project. Baker is now, and has at all material times, served as a member of the board of the Project and as an officer of the project.

16. Baker suggested that Ortiz invite her friend, New York attorney Chris Fladgate, to assist in the formation of the company. Fladgate then offered to serve as the third board member of the Project. Fladgate is now, and has at all material times, served as a member of the board of the Project and as an officer of the Project.

17. The Project Badge is a derivative work of the Movie Badge. By written agreement, Plaintiff Code 9 is the owner of the copyright in the Project Badge.

18. The Movie Badge and the Project Badge are registered with the United States Copyright Office and have been assigned registration number VAu001939713.

19. Ortiz, through her role as an officer of both Code 9 and the Project, initially allowed the Project to use the Project Badge by informal agreement.

20. The Project never executed any written agreements with Ortiz or Code 9 for the use of the Project Badge.

21.     In 2019, Ortiz resigned from the board of the Project, due to her growing concerns over the Project's mismanagement of intellectual property assets and mistreatment of third parties taking seminars offered by the Project.

22.     Code 9 has terminated the Project's permission to use the Project Badge.

23.     The Project continues to publish, copy, and publicly display the Project Badge despite this termination.

24.     The Project continues to profit from the use of the Project Badge and unlawful derivatives of the image, including using the image on challenge coins, brochures, and t-shirts.

25.     All condition precedent to this action have occurred or have been waived.

### COUNT I.
### Direct Copyright Infringement
### (All Defendants)

26.     Code 9 incorporates by reference paragraphs **Error! Reference source not found.** - 25 as if fully incorporated herein.

27.     The above-described conduct by Defendants constitutes willful copyright infringement under the Copyright Act.

28.     As a result of the above-described conduct by Defendants, Plaintiff has been damaged in an amount to be proven at trial.

### COUNT II.
### SECONDARY LIABILTY FOR COPYRIGHT INFRINGEMENT
### (Chris Fladgate)

29.     Code 9 incorporates by reference paragraphs **Error! Reference source not found.** - 25 as if fully set forth herein.

30.     Fladgate, as a member of the board and officer of the Project, has induced, caused, or materially contributed to the continuing infringement by the Project.

31.     Fladgate, as a current officer of the Project, has the capacity and ability to control the infringement by the Project and supervise the infringing activity, is a dominant interest in the entity.

32.     Fladgate has personally participated in the infringing activity, include by, *inter alia*, personally participating in opposing Plaintiff's attempts to have the infringing work removed from social media.

33.     Code 9 has been damaged by Fladgate's conduct in an amount to be proven at trial.

34.     The alleged breaches are the proximate cause of the Project's damages.

35.     Plaintiff will be irreparably harmed by the continued infringement.

## COUNT III.
## SECONDARY LIABILTY FOR COPYRIGHT INFRINGEMENT
### (Brandilee Baker)

36.     Code 9 incorporates by reference paragraphs **Error! Reference source not found.** - 25 as if fully set forth herein.

37.     Baker, as a member of the board and officer of the Project, has induced, caused, or materially contributed to the continuing infringement by the Project.

38.     Baker, as a current officer of Project, has the capacity and ability to control the infringement by the Project and supervise the infringing activity, is a dominant interest in the entity.

39.     Baker has personally participated in the infringing activity, include by, *inter alia*, personally participating in opposing Plaintiff's attempts to have the infringing work removed from social media, directly authorizing the use of the Project Badge on brochures, workbooks, and other materials.

40.     Code 9 has been damaged by Baker's conduct in an amount to be proven at trial.

41.     The alleged breaches are the proximate cause of the Project's damages.

42.     Plaintiff will be irreparably harmed by the continued infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and requests relief as follows:

a.      A permanent injunction preventing The Project from using the Movie Badge the Project Badge, or any derivative thereof pursuant to 17 U.S.C. § 502;

b.      Awarding damages to Code 9 pursuant to 17 U.S.C. §504(b);

c.      Impoundment and destruction of all goods and copies made or used in violation of Plaintiff's exclusive rights pursuant to 17 U.S.C. § 503;

d.      An award of full costs pursuant to 17 U.S.C. § 505;

e.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Date:  June 17, 2020        By:    *Dineen Pashoukos Wasylik*

                                   Dineen Pashoukos Wasylik, FBN 0191620

                                   **DPW LEGAL**

                                   PO Box 48323

                                   Tampa, FL 33646

                                   (813) 778-5161; (813) 907-3712 (fax)

                                   service@ip-appeals.com

                                   dineen@ip-appeals.com

                                   *Counsel for Plaintiff Code 9 Officer*